In the District Court of the United States
For the District of South Carolina
BEAUFORT DIVISION

| | |
|---|---|
| **Johnny Lawrence, #232835,** ) | |
| ) | Civil Action No. 9:06-3113-CMC-GCK |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| **Stan Burtt, Warden of Lieber** ) | **OF THE MAGISTRATE JUDGE** |
| **Correctional Institution; and** ) | |
| **Henry McMaster, Attorney General of** ) | |
| **South Carolina,** ) | |
| ) | |
| Respondents. ) | |
| ) | |

## I.   INTRODUCTION

The Petitioner, Johnny Lawrence ("Petitioner" or "Lawrence"), a state prisoner proceeding without the assistance of counsel, seeks *habeas corpus* relief under Title 28, United States Code, Section 2254. By definition, the relief which he seeks must be based upon a finding that he is being illegally detained in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). Pursuant to the provisions of Title 28, United States Code Section 636(b)(1)(B) and (B), and Local Civil Rules 73.02(B)(2)(c) and (e), D.S.C., this court has jurisdiction over the matter. The above-named Respondents have filed a motion for summary judgment. [16] The Petitioner has filed a Motion for Injunction [18] and a Motion for assistance from the court. [27]

## II.   *PRO SE* PETITION

Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (*per curiam*); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied, Leeke v. Gordon*, 439 U.S. 970 (1978). Under established local procedure in this judicial district, a careful review has been

made of the *pro se* Petition herein pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, Title I, § 104, 110 Stat. 1214.  This review has been conducted in light of the following precedents:  *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

*Pro se* pleadings are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a complaint or petition filed by a pro se litigant to allow the development of a potentially meritorious case.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *and Cruz v. Beto*, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true.  *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir.1975).  Even under this less stringent standard, however, the *pro se* complaint nonetheless may be subject to summary dismissal.  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented.  *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999).  Likewise, a court may not construct the plaintiff's legal arguments for him (*Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993)) or "conjure up questions never squarely presented" to the court.  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Rice v. National Security Council*, 244 F.Supp. 2d 594, 596 (D.S.C. 2001), *citing Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).  Such is the case with the present Petition.

### III.    PROCEDURAL HISTORY IN STATE COURT

#### A.  Proceedings in the Court of General Sessions

At the December 1995 term of court, the Georgetown County Grand Jury indicted Petitioner for murder and assault with intent to kill (AWIK) (95-GS-22-626).  On May 6-7, 1996, Petitioner's case was called for trial before the Honorable C. Victor Pyle and a jury. Petitioner was represented by public defender Reuben Goude, Esquire.  The State was represented by Chief Deputy Solicitor Blake Martin, Esquire.  The jury convicted Petitioner of murder and Judge Pyle sentenced Petitioner to life in prison.  (App. Tab #1, pp. 242-244).

Petitioner timely served and filed a notice of appeal.  Lisa G. Echols, Assistant Appellate Defender of the South Carolina Office of Appellate Defense, represented Petitioner on appeal.  On May 14, 1997, Petitioner filed his Final Brief of Appellant, in which he presented the following issue for review:

> The trial court erred in denying appellant's motion to submit a charge on voluntary manslaughter to the jury.  (App. Tab #2, p. 3).

The State filed its Final Brief of Respondent on May 21, 1997.  Assistant Deputy Attorney General Donald J. Zelenka represented the State on appeal.  (App. Tab #3).  On October 29, 1997, the South Carolina Supreme Court affirmed Petitioner's conviction in a memorandum opinion.  *State v. Lawrence*, 97-MO-106 (S.C..Sup.Ct., filed October 29, 1997). (App. Tab #4).  The South Carolina Supreme Court sent the Remittitur to the Georgetown County Clerk of Court on November 19, 1997.  (App. Tab #5).

#### B.  Petitioner's Application for Post-Conviction Relief

On July 18, 2000, Petitioner filed a *pro se* application for post-conviction relief ("PCR") (00-CP-22-523) (App. Tab #6), in which he alleged the following grounds for relief:

> 9.(a)  Ineffective Assistance of Counsel before trial;
>
> > A.  Petitioner alleges that Counsels [sic] performance before trial  amounted to a denial of his Sixth Amendmend (sic) right to Counsel and effective assistance of counsel. . . . .

> 9.(b)  Ineffective Assistance of Counsel during trial;
>
>> B.  Petitioners alleges that counsel was ineffective was ineffective (sic) for not requesting lesser included offense instruction ...
>>
>> B-1.  Counsel was ineffective for not objecting to the Judge's Charge, which left out any instruction of accident. ...
>>
>> B-2.  Petitioner alleges Counsel violated his sixth and fourteenth Amendment rights. ...
>>
>> B-3.  Counsel was ineffective for failing to object to jury Charge of what a "True" accident was. ...
>>
>> B-4. Counsel was ineffective for failing to object to prosecutor's question/statement about prior bad acts. ...
>>
>> B-5. Counsel was ineffective for not objecting to prosecutor statement's in prosecutor summation to the jury. . . .
>
> 9.(c)  Judicial Error (Trial Judge Error)  [Failure to charge the jury about involuntary manslaughter, negligent homicide, or heat of passion.  *See* Transcript of PCR hearing (App. Tab #10, pp. 6-7)]

The State filed its Return and Motion to Dismiss on July 2, 2001, arguing that the Application should be summarily dismissed because it was barred by the statute of limitations governing the filing of PCR applications, S.C. Code Ann. § 17-27-45(A) (Supp. 2001). (App. Tab #7).  Petitioner then filed an "Amendment of PCR" on July 31, 2001 (App. Tab #8), in which he set forth the following ground for relief:

> Counsel was ineffective for not objecting to the prosecutor, having one witness, vouching for the truthfulness of the other state witnesses.

By Order dated August 1, 2001, the Honorable James E. Lockemy held that the PCR application was timely because Petitioner's appellate counsel's successor had not notified Petitioner until June 2000 that the appeal had concluded.  Judge Lockemy reasoned that because no evidence had been provided by the state to show that notice had been given to

Petitioner of the Supreme Court's 1997 decision prior to June 2000, the Petitioner's PCR application filed on July 13, 2000 was timely.[1]

An evidentiary hearing into the matter was held on November 5, 2001 before the Honorable John L. Breeden, Jr. at the Horry County Courthouse in Conway. (App. Tab #10). Petitioner was present at the hearing and represented by Jeffrey J. Galon, Esquire. The State was represented by Assistant Attorney General Edgar R. Donnald, Esquire. Petitioner testified on his own behalf, while the State presented the testimony Petitioner's trial counsel, Mr. Goude. At the end of the hearing, Judge Breeden took the matter under advisement.

Thereafter, Jeffrey J. Galon, Esquire, was relieved as counsel by an Order filed on July 10, 2002, because he no longer lived nor practiced law in Georgetown County. (App. Tab #11). He was replaced as counsel by David Hood, Esquire, of Georgetown by an Order dated July 25, 2002. (App. Tab #12).

On September 10, 2002, Judge Breeden filed an Order of Dismissal, in which he denied relief and dismissed the PCR Application with prejudice. The Order first addressed Petitioner's allegations of ineffective assistance of trial counsel, which were set forth as follows: (1) trial counsel allegedly failed to meet with the Petitioner a sufficient amount of time; (2) trial counsel argued heat of passion and manslaughter as a defense, as opposed to Petitioner's desire to argue accident; and (3) trial counsel allegedly failed to interview witnesses. (App. Tab #13, p. 3). After hearing the evidence, Judge Breeden applied the familiar *Strickland-Cherry* paradigm of analysis and held that trial counsel's representation was not ineffective. The Petitioner's PCR application was denied and dismissed with prejudice, and the Petitioner was advised that he had to file a notice of intent to appeal within

---

[1] In their Return, the Respondents contend (p. 3) that Judge Lockemy's ruling is contrary to South Carolina law. *See Sutton v. State*, 361 S.C. 644, 606 S.E.2d 779 (2004) (court held that neither trial nor appellate counsel had obligation to inform defendant of post-conviction remedies or of one-year limitations period governing petitions). However, *Sutton* has been abrogated by *Bray v. State*, 366 S.C. 137, 620 S.E.2d 743 (2005) (per curiam).

thirty (30) days from the receipt of the Order to secure appropriate appellate review. (App. Tab #13, p. 4).

By way of a September 19, 2002 Order, Petitioner's attorney, Mr. Hood, was relieved as counsel at Petitioner's request. Petitioner was permitted to proceed *pro se*, and Petitioner was given a thirty day extension of time within which to file a Rule 59(e), S.C.R.C.P., motion. (App. Tab #14 (unsigned order) and attachment to Complaint at page 82 (copy of signed and filed order)).

On August 8, 2003, Petitioner filed a "Motion/Brief to Vacate [pursuant to] Rule 60(b) S.C.R.C.P.", and the State filed a Return to Motion for Reconsideration on October 25, 2005. (App. Tabs #15 and #16). After a hearing into the matter, on November 15, 2005, Judge Breeden denied and dismissed the Petitioner's motion. (App. Tab #17).

Petitioner served and filed a *pro se notice* of appeal. However, because Petitioner failed to timely order the transcript, the appeal was dismissed by the South Carolina Supreme Court in an August 28, 2006 Order. (App. Tab #18). On September 7, 2006, Petitioner filed a *pro se* Petition for Reinstatement of Appeal. (App. Tab #19). The Petition was granted by a November 1, 2006 Order, which also appointed the Division of Appellate Defense to represent Petitioner. (App. Tab #20). Assistant Appellate Defender Jeffrey L. Smith currently represents Petitioner in collateral appellate proceedings.

The Respondents have informed this court that no Petition for Writ of Certiorari has been filed as of the date of their Return (February 7, 2007).

## IV.  FEDERAL COURT HISTORY

The Petitioner is presently incarcerated in the Lieber Correctional Institution ("Lieber CI") of the South Carolina Department of Corrections ("SCDC"). Petitioner filed this Petition for a writ of habeas corpus (the "Petition") on October 31, 2006 against the above-captioned Respondents, Stan Burtt, Warden of Lieber CI, and Henry McMaster, Attorney

General of South Carolina (collectively, the "Respondents").[2] [1-1]. In his *pro se* Petition, Petitioner has raised the following grounds for relief:

| | | |
|---|---|---|
| Ground One: | Violation Sixth Amendment right to Counsel, Counsel was ineffective | |
| | Supporting Facts: | Trial counsel before trial and during trial plead Petitioner guilty by telling jury to convict petitioner three times, see trial pages, PCR -49, 50, 51, 52. |
| Ground Two | Counsel failure to object to 'Doyle' violation | |
| | Supporting Facts: | see PCR Transcript pages -34, 37, 35, 36 |
| Ground Three | Compelled testimony, Fifth Amendment violation by the Court | |
| | Supporting Facts: | see, PCR Transcript pages 41, 42.  Court told Petitioner that it would charge if the (evidence) testimony, so indicated manslaughter which induced this petitioner to give up his right not to testify.  [Sic] |
| Ground Four | Prosecutorial misconduct, interjecting personal opinion | |
| | Supporting Facts: | see PCR Transcript pages 44, 45, 46, 47 |
| Ground Five | Prosecutorial misconduct, bolstering the testimony of witness in his summations. | |
| | Supporting Facts: | see PCR Transcript pages [sic] 48 |
| Ground Six | Counsel was ineffective pretrial | |
| | Supporting Facts: | PCR transcript, pages 56, 57, 58, 59 60:, Trial Counsel came to an agreement with the Solicitor to test Petitioner psychologically, this was done without petitioner's knowledge or consent.  Which, meant that petitioner did not have a defense.  An it help to bolster the state case.  And had petitioner agreed he would have pleaded guilty but mentally ill? [Sic] |
| Ground Seven | Ineffective assistance of Appellant Counsel on direct Appeal | |

---

[2] In *habeas corpus* cases, the Petitioner has the benefit of the holding in <u>Houston v. Lack</u>, 487 U.S. 266 (1988) with respect to the "delivery" date of his Petition.  In this case, the court has examined the envelope attached to Petitioner's Petition and has determined that the Petition was delivered to the correction institution mailroom on October 31, 2006.

|  |  |  |
|---|---|---|
|  | Supporting Facts: | see PCR transcript pages 3, Lines 11 page 10, Lines 4-10, Appellate Counsel did not make an appearance at either of the two hearing which called her conduct into question.  The State, it would appear has abandoned any alleges to my allegation of violation of my Sixth Amendment Right to the effective assistance of counsel and my first appeal as of right.  Counsel's abandonment of Petitioner's and failure to raise a clearly meritorious issue may be viewed as _____ [sic]. |
| Ground Eight | Counsel ineffective for failing to requesting lesser included offense instruction under "Beck." | |
|  | Supporting Facts: | [None listed] |
| Ground Nine | Counsel was Ineffective for not objecting to, Judge's Charge which left out a Charge on _____which was defendant's _____, only defense? [Sic] | |
|  | Supporting Facts: | [None listed] |
| Ground Ten | Counsel Ineffective failed to object to Charge "True" Accident: [sic] | |
|  | Supporting Facts: | see, Appendix page 58, 59, 60, 61 from trial transcript it appeared that the Court was charging on a fact. |

On November 8, 2006, the undersigned issued an Order which informed all parties that Petitioner had the benefit of the holding of *Houston v. Lack* with respect to the filing date of the Petition.[3]  The Order also authorized service upon the Respondents, apprised the Respondents of the deadline for filing dispositive motions, and notified Petitioner of the change of address rule.  [4]  On January 3, 2007, the Respondents filed a motion requesting a thirty (30) day extension of time in which to respond [8], which the court granted on January 4.  [9]  On January 9, the Petitioner filed his response in opposition to Respondents' motion for an extension of time.  [11]  On January 17, 2007, the Petitioner filed an Affidavit in which

---

[3]  It is not clear to the court as to the reason that Petitioner believes that the Court mis-stated the Petitioner's filing date as November 8, 2006.  *See* Petitioner's Motion/Objection pursuant to Rule 60(a) and Rule 1, F.R.C.P.  [7]; *see also* Petitioner's Affidavit attached to his Response in opposition to Respondents' Motion for extension of time [11], at un-numbered page 4, Item 14.  The court notes that the Attorney General's office acknowledged receipt of the Petition on November 8, 2006.  [5]

he complained that the court had granted the Respondents' request for an extension "before the Petitioner could answer to timely put an objection in opposing the extension for the unspecific reasoning[.]"  On February 2, 2007 the Respondents filed a motion requesting a ten (10) day extension of time [14], which the court granted on February 5, 2007.  [15]  Thereafter, on February 7, 2007, the Respondents filed their Motion for Summary Judgment, and their Return and Memorandum to the Petition.  [16; 17]  On the same day, the Petitioner filed a Motion for Restraining Order or Injunction, alleging (1) that the prison did not allow him to make photocopies of the record, which infringed on his constitutional right to access to the courts; and (2) that the state had engaged in patterns of unconstitutional conduct by withholding his legal mail from him in order to deny him his constitutional right to due process and equal protection.[4]  [18]

The undersigned issued an Order filed on February 8, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), notifying the Petitioner of the summary judgment dismissal procedure and the possible consequences if he failed to respond adequately to the Respondents' Return.[5]  [19]  On February 12, 2007, Petitioner filed an Affidavit in opposition to the Respondents' second motion for an extension of time [20], and then filed his Response, followed by his Affidavit, in opposition to the Respondents' motion for summary judgment.  [21; 22]

The Respondents requested an extension of time in which to respond to Petitioner's Motion for Restraining Order or Injunction, which this court granted.  [23; 24]  On March 7,

---

[4] Petitioner has asked the court several times to order the prison to copy materials for him. *See* Petitioner's Affidavit attached to Response in opposition to Respondents' Motion for extension of time [11] at page 4, paragraph 16; Petitioner's Affidavit attached to [12] at page 2, paragraph 7; Petitioner's Affidavit [13] at paragraph 1.  Likewise, Petitioner has asked the court to issue an order to the prison prohibiting the prison from delaying the delivery of his legal mail.  Affidavit [13] at page 1, paragraph 3.

[5] The explanation to the *pro se* litigant is required by *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), which was a civil rights case.  The same procedure has been held to apply in federal habeas corpus cases under *Webb v. Garrison*, No. 77-1855 (4th Cir., decided July 6, 1977).

2007, Petitioner filed a pleading which (1) alleged that the prison was impeding his case by not letting him photocopy materials relevant to his case; and (2) requested an evidentiary hearing on the present Petition.[6] [25]  On March 8, 2007, the Respondents filed their Response to Petitioner's Motion for an injunction or restraining order.  [26]  On March 15, 2007, the Petitioner filed a Motion for assistance from the court.  [27]

## V.  DISCUSSION

### A.  Exhaustion of State Court Remedies

As a threshold matter, the court recommend dismissal of Petitioner's Petition at this time because Petitioner's PCR action is pending before the South Carolina Supreme Court and thus he has not yet exhausted his state court remedies.  It is well-settled that relief under Section 2254 may be had only after a *habeas* petitioner has exhausted his state court remedies:  "It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in *habeas*.  Claims not so raised are considered defaulted."  *Breard v. Green*, 523 U.S. 371, 375 (1998), *citing Wainwright v. Sykes*, 433 U.S. 72 (1977); *see also* 28 U.S.C. § 2254(b).  Thus, if claims were never reviewed by the highest court in South Carolina, those claims will be barred and cannot be considered by the Court.

The theory of exhaustion is based on 28 U.S.C. § 2254, which gives the federal court jurisdiction of habeas petitions.  *See generally, O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).  The court's exhaustion requirements under Section 2254 are explained in *Matthews v. Evatt*, 105 F.3d 907, 910-911 (4th Cir.), *cert. denied*, 522 U.S. 833 (1997):

---

[6] Petitioner asked the court for a hearing in this habeas matter by way of Petitioner's Affidavit attached to Response in opposition to Respondents' Motion for extension of time [11] at page 5, paragraph 18; *and* Affidavit opposing the granting of summary judgment [21] *and* Motion for assistance from the court.  [27].

> In the interest of giving state courts the first opportunity to consider alleged constitutional errors occurring in a defendant's state trial and sentencing, a § 2254 petitioner is required to "exhaust" all state court remedies before a federal district court can entertain his claims. Thus, a federal habeas court may consider only those issues which have been "fairly presented" to the state courts[.]
>
> To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court. The burden of proving that a claim has been exhausted lies with the petitioner.
>
> The exhaustion requirement, though not jurisdictional, is strictly enforced[.] (Citations omitted)

Indeed, a claim is unexhausted unless the substance of a petitioner's claims are "fairly presented" to the state courts. "[F]air presentation contemplates that both operative facts and the controlling legal principles must be presented to the state court." *Matthews v. Evatt*, 105 F.3d at 911.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first method involves a direct appeal and, pursuant to state law, a petitioner is required to state all his grounds in that appeal. *See* SCAR 207 *and Blakeley v. Rabon*, 266 S.C. 68, 221 S.E.2d 767 (1976). The second method involves the filing of an application for relief under the South Carolina Post Conviction Procedure Act, S.C. Code Ann. §§ 17-27-10–160 in order to exhaust the non-direct appeal claims in state court. After a South Carolina prisoner's application for post-conviction relief is denied or dismissed by a Court of Common Pleas, the prisoner must seek appellate review by the Supreme Court of South Carolina of that disposition from the Court of Common Pleas, or federal collateral review of the grounds raised in his or her application for post-conviction relief will be barred by a procedural default. *See Whitley v. Bair*, 802 F.2d 1487, 1500 & n. 27 (4th Cir. 1986), *cert. denied*, 480 U.S. 951 (1987); *Mason v. Procunier*, 748 F.2d 852, 853-854 (4th Cir. 1984), *cert. denied, Mason v. Sielaff*, 471 U.S. 1009 (1985). The Supreme Court of South Carolina has specifically stated: "[W]hen the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies." *In Re Exhaustion of State Remedies in Criminal*

*and Post-Conviction Relief Cases*, 321 S.C. 563, 564, 471 S.E.2d 454 (1990); *State v. McKennedy*, 348 S.C. 270, 559 S.E.2d 850 (2002).

In the present case, the Petitioner has not completely exhausted his available state remedies because his petition for a writ of certiorari in his PCR remains pending. It is recommended that the court not maintain this case on its docket while the Petitioner is exhausting his state court remedies. *See Littlejohn v. Crocker*, 2007 WL 601764 (D.S.C. February 21, 2007), *citing Galloway v. Stephenson*, 510 F.Supp. 840, 846 (M.D.N.C. 1981) ("When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition"); *Pitchess v. Davis*, 421 U.S. 482, 490 (1975); *Lawson v. Dixon*, 3 F.3d 743, 749 n. 4 (4th Cir. 1993), cert. denied, 510 U.S. 1171, 127 L.Ed.2d 556, 114 S.Ct. 1208, (1994) ("[E]xhaustion is not a jurisdictional requirement, but rather arises from interests of comity between the state and federal courts."). Therefore, it is recommended that the Petition be dismissed, without prejudice, at this time.

### B.  Petitioner's Motion for an Injunction

Next, the court will address Petitioner's Motion for an injunction, wherein he alleges he is being denied access to the courts, he "is having problems receiving his legal mail timely" and he "is not allowed to make necessary and materially necessary, copies of the record and of prior proceedings" as a result of the Respondents' conduct. [18]

A preliminary injunction is an extraordinary remedy to be granted only if the moving party clearly establishes entitlement to the relief sought. Fed. R. Civ. P. 65; *Murrow Furniture Galleries, Inc. v. Thomasville Furniture Indus., Inc.*, 889 F.2d 524, 526 (4th Cir. 1989); *Federal Leasing, Inc. v. Underwriters at Lloyd's*, 650 F.2d 495, 499 (4th Cir. 1981). In deciding whether to issue a preliminary injunction, a court must consider and balance four factors: (1) the plaintiff's likelihood of success in the underlying dispute between the parties; (2) whether the plaintiff will suffer irreparable injury if the interim relief is denied; (3) the

injury to defendant if an injection is issued; and (4) the public interest. *N.C. State Ports Auth. v. Dart Containerline Co.*, Ltd., 592 F.2d 749 (4th Cir. 1979); *see also Blackwelder Furniture Co. v. Seilig Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977); *Fort Sumter Tours, Inc. v. Andrus*, 564 F.2d 1119 (4th Cir. 1977). The two most important factors are probable irreparable injury to the plaintiff if the relief is not granted and the likelihood of harm to the defendant if the injunction is granted. *State Ports Auth.*, 592 F .2d at 750. A plaintiff does not have an automatic right to a preliminary injunction, and such relief should be used sparingly. The primary purpose of injunctive relief is to preserve the status quo pending a resolution on the merits. Injunctive relief that changes the status quo pending trial is limited to cases where the "exigencies of the situation demand such relief." *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980). The undersigned finds, based upon the facts set forth below, that Petitioner has failed to show he will suffer irreparable injury if the injunction is not granted, while the likelihood of harm to the Respondents is great. In so concluding, of course, the undersigned is mindful of the Fourth Circuit's admonition that "absent the most extraordinary circumstances, federal courts are not to immerse themselves in the management of state prisons or substitute their judgment for that of the trained penological authorities charged with the administration of such facility." *Taylor v. Freeman*, 34 F.3d 266, 268 (4th Cir. 1994).

      First, Petitioner complains that Respondents have obstructed his access to the courts. The United States Constitution guarantees prisoners the right of meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817 (1977). In *Bounds*, the Supreme Court held that the right of access imposes an affirmative duty on prison officials to assist inmates in preparing and filing legal papers, either by establishing an adequate law library or by providing adequate assistance from persons trained in the law. *Id*. at 828. Prison officials are not required to provide both, as long as access to either the library or the trained personnel is "meaningful." *Id*. at 831-32. In *Lewis v. Casey*, 518 U.S. 343, 349 (1996), the Supreme Court held that a prisoner must show some actual injury resulting from a denial of access in

order to allege a constitutional violation. This requirement can be satisfied by demonstrating that a non-frivolous legal claim was frustrated or impeded by some actual deprivation of access. *Id.* at 352-53. In *Cruz v. Hauck*, 515 F.2d 322 (5th Cir. 1975), the court noted that "access to the courts may be satisfied either by availability of legal materials, by counsel, or by any other appropriate device of the State." *Id.* at 331.

The Petitioner has not specifically explained how he has been denied access to the court, nor has he shown any actual injury, as required by *Lewis v. Casey*. In response to Petitioner's allegations, the Respondents submitted copies of the Lieber CI library log book which indicates that Petitioner signed in to the law library log at least forty times in the period from January 8, 2007 to February 27, 2007, inclusive.[7] Here, the number of times Petitioner has used the law library over that seven week period, along with several filings Petitioner has submitted to this court (a letter [10]; a Response in opposition to Respondents' motion for extension of time [11]; an Affidavit [12]; another Affidavit requesting recusal of the undersigned [13]; a Motion for Injunction [18]; an Affidavit in opposition to Respondents' second Motion for extension of time [20]; and a response in opposition to Respondents' motion for summary judgment [21]) simply do not support his allegation that he has been denied access to the court.

Next, with respect to the Petitioner's claim that the Respondents have interfered with his legal mail, again, Petitioner's allegations are not supported by the evidence of record. Petitioner's Motion for an injunction was filed on February 7, 2007 [18]; after that date, he filed an Affidavit opposing Respondents' request for an extension of time [20]; a Response in opposition to Respondents' motion for summary judgment [21]; additional attachments to his Response [22]; a letter to the undersigned Magistrate Judge [25], and a Motion directed to the court. [27]

---

[7]    *See* Respondents' Response [28] at Attachment 1.

In reply to the Petitioner's allegation, the Respondents have also attached the Mail Room log for legal mail since January 1, 2007, and an affidavit from Yzette Blow, the Mail Room Coordinator at Lieber CI.  The Respondents argue, and this court agrees, that the records reflect Petitioner is receiving access to his mail.  To state a claim for relief for non-delivery or delay of legal mail, an inmate must allege, and to prevail must prove, an adverse consequence resulting therefrom.  *White v. White*, 886 F.2d 721 (4th Cir. 1976).  There is no claim under 42 U.S.C. § 1983 for negligent interference with legal mail.  *Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995).  Here, the number of filings Petitioner has submitted in this case, as well as the Mail Room log, simply do not support his allegation that the Respondents have interfered with Petitioner's receipt (or sending) of his legal mail.

Finally, with respect to Petitioner's allegation that Respondents have not allowed him "to make necessary and materially necessary, copies of the record and of prior proceedings" [18] and that his access to the court is impeded [25], this court is aware that a prisoner's right of access to the courts does not include a right of unlimited access to a photocopying machine.  *Harrell v. Keohane*, 621 F.2d 1059, 1061 (10th Cir. 1980).  The Petitioner has provided the court with the SCDC's policy regarding photocopying by prisoners,[8] and appears to specifically object to the SCDC policy which forbids inmates from being able to purchase photocopies of "[d]ocuments that have been solely originated, generated, written, typed, or created by an inmate (the inmate may copy this information by hand)[.]"[9]  The Petitioner, however, has not explained how his access to the courts has been impeded by this policy.  *See, e.g., Jones v. Franzen*, 697 F.2d 801, 803 (7th Cir. 1983) ("The reasonableness of a prison's photocopy policy becomes relevant only after the prisoner has shown that the policy

---

[8] *See* SCDC Memorandum dated April 6, 2006, attached to Petitioner's Motion/Objection pursuant to Rule 60(a) and Rule 1, F.R.C.P.  [7]

[9] *See id.*

is impeding that access, for if it is unreasonable but not impeding he has not made out a prima facie case of violation of his constitutional rights").

Based on the foregoing, it is recommended that Plaintiff's Motion for an injunction or a restraining order [18] be denied.

### C.  Petitioner's Motion for assistance from the court

Lastly, the court will address Petitioner's Motion for assistance from the court, which appears to restate the arguments that have previously been set before the court in Petitioner's various pleadings and motions. [27] As the contents of this motion appears to contain issues already addressed in this Report and Recommendation (presentation of Petitioner's *habeas* issues, whether his legal mail is properly being delivered to him, the photocopying of materials, and the need for an evidentiary hearing), the undersigned recommends that this motion be denied.

### RECOMMENDATION

It is recommended that Respondents' Motion for Summary Judgment **[16] should be granted**; that Plaintiff's Motion for an injunction or restraining order **[18] should be denied;** and that Plaintiff's Motion for assistance from the court **[27] should be denied.**

GEORGE C. KOSKO
UNITED STATES MAGISTRATE JUDGE

March 21, 2007
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).